IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 31, 2021

## ANTWAIN TAPAIGE SALES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Morgan County**
**No. 2020-CR-105   Jeffery Hill Wicks, Judge**

———————————————————

### No. E2020-01471-CCA-R3-HC

———————————————————

Petitioner, Antwain Tapaige Sales, filed a petition for writ of habeas corpus seeking relief from his convictions for second degree murder and attempted second degree murder.  The trial court summarily dismissed the petition.  Petitioner appealed.  Because the notice of appeal was untimely, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J. and ROBERT L. HOLLOWAY, JR., J., joined.

Antwain Tapaige Sales, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Edwin Alan Grover, Jr., Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

Petitioner pled guilty to second degree murder and attempted second degree murder in 2007 in Bedford County.  About four years later, Petitioner sought post-conviction relief.  The petition was dismissed as untimely.  On appeal to this Court, the dismissal of the post-conviction petition was affirmed.  *Antwain Tapaige Sales v. State*, No. M2011-02001-CCA-R3-PC, 2011 WL 4479283, at *1 (Tenn. Crim. App. Sept. 27, 2012), *perm. app. denied* (Tenn. Jan. 14, 2013).

In 2012, Petitioner filed a petition for writ of habeas corpus.  Documents in the technical record indicate that an order was prepared dismissing the petition.  However, the

order appearing in the technical record is not stamped filed by the trial court or signed by the trial judge.[1]

In 2014, Petitioner sought federal habeas relief. This petition was dismissed by the federal district court. *Antwain T. Sales v. Sharon Taylor, Warden*, 2015 WL 4487833, at *5.

Next, Petitioner again sought habeas relief in state court in June of 2020. In the petition, he argued that the trial court clerk did not sign the indictment and judgments, the trial court lacked jurisdiction, and the judgments underlying his convictions were void. The State filed a motion to dismiss. Despite Petitioner's claim that he did not receive the motion, the certificate of service indicates that the motion was mailed to the address listed by Petitioner on the petition for post-conviction relief. The trial court dismissed the petition summarily on August 20, 2020. Petitioner filed several motions to reconsider the dismissal and a notice that he was transferred to a different prison. Petitioner filed a notice of appeal on October 22, 2020.

*Analysis*

On appeal, Petitioner insists that the trial court improperly denied his request for habeas relief. The State insists that the appeal should be dismissed because it was untimely and Petitioner has failed to establish that the timeliness should be waived. Moreover, the State insists that the petition is procedurally deficient and fails to state a cognizable claim for habeas relief.

"Ordinarily, a habeas corpus court's judgment becomes final thirty days after the entry of the judgment unless a notice of appeal is filed." *State v. Carl T. Jones*, M2011-00878-CCA-R3-CD, 2011 WL 5573579, at *1 (Tenn. Crim. App. Nov. 15, 2011) (citing Tenn. R. App. P. 4(a)), *perm. app. denied* (Tenn. Apr. 11, 2012). Under Tennessee Rule of Appellate Procedure 4(a), the notice of appeal must be filed "within 30 days after the date of entry of the judgment appealed from." However, Rule 4(a) also states that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." A petitioner bears the responsibility to properly perfect his appeal or to demonstrate that the "interests of justice" merit waiver of an untimely filed notice of appeal. *Carl T. Jones*, 2011 WL 5573579, at *1 (citing Tenn. R. App. P. 4(a)).

---

[1] The opinion from the Federal District Court claims that this petition was summarily dismissed on April 27, 2012. *Antwain T. Sales v. Sharon Taylor, Warden*, No. 4:14-CV-58-HSM-SKL, 2015 WL 4487833, at *1 (E.D. Tenn. July 23, 2015).

In this case, the habeas corpus court entered its judgment on August 20, 2020. Petitioner did not file his notice of appeal until October 22, 2020. Thus, Petitioner's notice of appeal was filed more than 30 days after the entry of the judgment of the habeas corpus court. Petitioner's notice of appeal was untimely, and he has not requested a waiver nor has he offered any explanation as to why this Court should excuse the untimely filing. Rather, Petitioner ignored the timeliness of the notice of appeal in his reply brief, instead arguing that this Court somehow sanctioned the timeliness of the notice of appeal by ruling on several motions filed by Petitioner in this Court and that the State's argument that the notice of appeal was untimely is waived because the State raised it for the first time in its brief. Petitioner even acknowledges in his reply brief that he has yet to present any basis upon which this Court may find that the "interests of justice" merit a waiver of the untimely filed notice of appeal. *See State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) ("If this [C]ourt were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction."). Moreover, the multiple "motions to reconsider" following the dismissal of the petition for habeas corpus relief did not toll the 30-day filing deadline for the notice of appeal. *State v. Lock*, 839 S.W.2d 436, 440 (Tenn. Crim. App. 1992). The notice of appeal is untimely. Accordingly, the appeal is dismissed.

_____
TIMOTHY L. EASTER, JUDGE